UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 14-CV-00356-SDW-TGW

ESSEX INSURANCE COMPANY, a foreign corporation,

        Petitioner,

vs.

KART CONSTRUCTION, INC., a Florida corporation; SABRE INDUSTRIES, INC. a/k/a SABRE TOWERS AND POLES, a foreign corporation; CROWN CASTLE, INC. a/k/a CROWN CASTLE USA, INC., a foreign corporation, T-MOBILE USA, INC., a foreign corporation; and SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, a foreign limited partnership,

        Respondents.
_____/

**PETITIONER'S MOTION TO SEVER SABRE'S CROSSCLAIM AGAINST KART CONSTRUCTION, OR ALTERNATIVELY, DISMISS SABRE'S CROSSCLAIM AGAINST KART CONSTRUCTION WITHOUT PREJUDICE**

COMES NOW, Petitioner, ESSEX INSURANCE COMPANY, by and through its undersigned counsel, hereby files this motion seeking to sever the crossclaim asserted by Respondent, SABRE INDUSTRIES, INC. d/b/a SABRE TOWERS AND POLES [D.E. 29], from this action for declaratory relief, or alternatively, dismiss the crossclaim pursuant to Fed. R. Civ. P. 13, and in support thereof, states as follows:

**BACKGROUND**

1.    Before 2012, Sabre Industries was retained by Crown Castle to perform aerial welding services and related operations on a cell tower located in Sanford County, Florida.

2.On or about January 10, 2012, and pursuant to a Master Services Agreement, Sabre Industries retained Kart Construction as its subcontractor to perform the aerial welding work along with fire prevention operations.

3.On August 22, 2013, while Kart Construction was performing aerial welding work and fire prevention operations, a fire broke out at the cell tower.  The cell tower was a total loss including communication cables and antennae.  Crown Castle claimed damages due to the property damage and sought to recoup these damages from Sabre, who in turn sought to recoup the damages from Kart Construction.

4.On February 11, 2014, Petitioner, Essex Insurance Company, filed a Petition for Declaratory Relief [D.E. 1], seeking a declaration that it has no duty to defend or indemnify any individual or entity that may qualify as an insured under the general liability policy it issued to its named insured, Kart Construction, Inc., for damages arising out of the cell tower fire.  Essex has not asserted any additional claims and does not seek monetary damages from any other party.

5.On May 6, 2014, Sabre Industries responded to the petition and commenced a crossclaim against Kart Construction seeking declaratory relief as well as equitable implied indemnity and contribution.  [D.E. 29].  Specifically, Sabre seeks a declaration regarding the comparative fault and comparative liability of Kart Construction, and a declaration of Kart Construction's comparative indemnity to Sabre.  In addition, Sabre seeks to be indemnified for the full amount of any potential judgment, cost of suit and attorney's fees relating to defending any potential action which may be asserted against Sabre arising out of the cell tower fire.

6.Essex Insurance Company retained defense counsel to defend Kart Construction's interests from Sabre's crossclaim for declaratory relief and equitable implied indemnity and contribution.

7. However, Sabre's crossclaim against Kart Construction is procedurally improperly to be brought in this action. Pursuant to the Federal Rules of Civil Procedure, Sabre's crossclaim is improper because does not arise out of the sane transaction or occurrence that is the subject matter of the original action. Further, the remedies sought are so different from the remedies sought in the initial action that even if the crossclaim was proper, the district court should deny supplemental jurisdiction over the crossclaim.

8. Sabre's crossclaim against Kart Construction must be severed from Essex Insurance Company's action for declaratory relief. Alternatively, Sabre's crossclaim must be dismissed without prejudice with leave for Sabre to file a new action for relief against Kart Construction that is separate and unrelated to this action for declaratory relief.

### INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO SEVER OR DISMISS SABRE'S CROSSCLAIM

9. Rule 13(g) of the Federal Rules of Civil Procedure states as follows:

> A pleading may state as a crossclaim any claim by one part against a coparty **if the claim arises out of the transaction or occurrence that is the subject matter of the original action**. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant. (emphasis added).

10. Further, there must have a tight nexus between the subject matter of the crossclaim and the subject matter that was properly brought in the federal court. *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983). The court may exercise supplemental jurisdiction over cases arising under state law if the proposed crossclaim is "so related to the claims in this action … that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

11. The Rule 13(g) analysis of the underlying transaction or occurrence is the same as the § 1367 analysis of the case or controversy. *See Amco Constr. Co. v. Miss. State Bldg. Comm'n*, 602

CASE NO. 8:14-cv-00356-SDW-TGW

F.2d 730, 732-33 (5th Cir. 1979).

12.     Crossclaims for indemnification are not appropriate in actions for declaratory relief. *Clarendon America Ins. Co. v. Jedak Corp*., 2010 WL 610900 (M.D. Fla. Feb. 11, 2010) (holding that a crossclaim for breach of contract and indemnity and the exercise of supplemental jurisdiction is not appropriate because the causes of action in the crossclaim do not arise out of the same transaction or occurrence as the main declaratory judgment action).

13.     A crossclaim for indemnity does not arise out of the same transaction or occurrence as a complaint seeking an interpretation of an insurance policy, and whether the facts in an underlying matter fall within any applicable exclusions. *See Id*. at *3.

14.     Essex Insurance Company's petition for declaratory relief asks the Court to declare the rights and responsibilities of the parties under a policy of insurance and to issue a declaration that Essex Insurance Company has no duty to defend or indemnify any individual or entity who may qualify as an insured under the policy for the claims arising out of the subject cell tower fire.

15.     Conversely, Sabre's questions regarding the obligations of its subcontractor Kart Construction, Inc. pursuant to subcontract agreements do not have a common nexus with the complaints raised in the declaratory relief action.

16.     The complaint for declaratory relief by Essex Insurance Company and the crossclaim by Sabre concern two completely different contracts; Essex's action concerns a policy of insurance issued to Kart Construction, Inc whereas the crossclaim commenced by Sabre concerns the Master Services Agreement executed by Sabre and Kart for welding and fire prevention services.

17.     Further, the action by Essex Insurance Company involves a request for declaratory relief and does not involve any claims for monetary damages. On the other hand, the crossclaim is an action at law concerning potential issues of monetary damages, contractual indemnification,

contribution and apportionments of comparative negligence. Likewise, the action for declaratory relief seeks a legal determination by the Court and therefore does not request a trial by jury. On the other hand, Sabre's crossclaim demands a jury trial.

18. Sabre's crossclaim seeks damages, attorney's fees and costs and other relief, which are more comprehensive remedies than the declaratory relief sought by Essex Insurance Company. Accordingly, even if the proposed crossclaim arises out of the same transaction or occurrence as the underlying declaratory relief action, a district court may exercise its discretion to decline jurisdiction as the crossclaim seeks more comprehensive remedies than the relief sought in the declaratory relief action. *See* 28 U.S.C. § 1367(c). Further, the crossclaim would substantially predominate over the claim in the complaint. *Id*.

19. Severing the crossclaim would not cause prejudice to any party in this case. Discovery has only recently commenced and no responses to written discovery has been served by any party. Further, severing the crossclaim will result in a more meaningful mediation as ordered by the Court.

**CERTIFICATION OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), the undersigned certifies that he has conferred in good faith with counsel regarding the issues raised in this motion. Presently, Kart Construction's counsel is divided as to whether it should agree or disagree regarding the relief requested. Counsel for Sabre has stated that it will need to discuss this motion further with its clients before providing an agreement. Pursuant to Rule 3.01(g), the undersigned counsel will continue to discuss this motion with opposing counsel in an attempt to resolve the issues presented.

CASE NO. 8:14-cv-00356-SDW-TGW

WHEREFORE, Petitioner, ESSEX INSURANCE COMPANY, respectfully requests that this Honorable Court sever the crossclaim asserted by SABRE INDUSTRIES, INC. against KART CONSTRUCTION, INC., from the underlying action for declaratory relief, or alternatively, dismiss the crossclaim asserted by SABRE INDUSTRIES, INC. against KART CONSTRUCTION, INC. without prejudice, and for such other relief that this Court deems just and proper.

Dated: June 27, 2014
      Fort Lauderdale, FL

Respectfully submitted,

**LITCHFIELD CAVO LLP**
*Attorneys for Essex Insurance Company*
Radice Corporate Center
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
(954) 689-3000 – Office
(954) 689-3001 – Facsimile

By:    /s/ Dustin C. Blumenthal
       JOHN R. CATIZONE, ESQ.
       Florida Bar No.: 65491
       catizone@litchfieldcavo.com
       DUSTIN C. BLUMENTHAL, ESQ.
       Florida Bar No.: 083799
       blumenthal@litchfieldcavo.com

CASE NO. 8:14-cv-00356-SDW-TGW
-7-

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by Case Management/Electronic Case Filing (CM/ECF) on June 27, 2014 on all counsel or parties of record on the attached Service List/

/s/ Dustin C. Blumenthal
DUSTIN C. BLUMENTHAL, ESQ.
Florida Bar No.: 083799
blumenthal@litchfieldcavo.com

CASE NO. 8:14-cv-00356-SDW-TGW

**SERVICE LIST**

Robert E. Johnson, Esq.
rjohnson@gray-robinson.com;
pgatlyn@gray-robinson.com
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, Florida  33602
Telephone:  (813) 273-5000
Facsimile:  (813) 273-5145
*Attorneys for Defendant,*
*KART Construction, Inc.*

Robin P. Keener, Esq.
rkeener@burr.com
Greg A. Gidus, Esq.
ggidus@burr.com
John A. Schifino, Esq.
jschifino@burr.com
Burr & Forman LLP
P. O. Box 380
Tampa, Florida  33601-0380
Telephone:  (813) 221-2626
Facsimile:  (813) 221-7335
*Attorneys for Defendants,*
*Crown Castle USA, Inc. & T-Mobile USA, Inc.*

Phillip S. Howell, Esq.
phowell@gjtbs.com
Stephen A. Messer, Esq.
smesser@gjtbs.com
tampaservice@gjtbs.com
Galloway, Johnson, Tompkins, Burr & Smith, PLC
620 East Twiggs St., Ste. 303
Tampa, FL 33602
Phone: (813) 977-1200
Fax: (813) 977-1288
*Attorneys for Defendant,*
*KART Construction, Inc.*

Melissa L. Bodnar, Esq.
melisa.bodnar@libertymutual.com
tampalegalmail@libertymutual.com
Law Office of Glenn G. Gomer
600 N. Westshore Blvd., Suite 1001
Tampa, Florida  33609
Telephone:  (813) 868-8127
Facsimile:  (603) 334-7167
*Attorneys for Defendant,*
*Sabre Industries, Inc.*

Kenneth A. Scaz, Esq.
kscaz@gsgfirm.com
Benjamin Raslavich, Esq.
braslavich@gsgfirm.com
GOLDEN SCAZ GAGAIN, PLLC
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
*Attorneys for Defendant,*
*T-Mobile USA, Inc.*