UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESSEX INSURANCE COMPANY,

     Plaintiff,

v.                                CASE NO. 8:14-cv-356-T-23TGW

KART CONSTRUCTION, INC.,
et al.,

     Defendants.

_____/

## ORDER

On January 10, 2012, Crown Castle retained Sabre Industries "as [a] general contractor to perform aerial welding on a cell tower located at 700 West 13th Street in Sanford . . . , Florida."[1] (Doc. 1 at 2)  On the same day, Sabre Industries "hired Kart [Construction] as [a] subcontractor to perform the aerial welding on the tower." (Doc. 1 at 3)  From July 24, 2013, to July 24, 2014, Essex Insurance insured Kart Construction and Sabre Industries.  (Doc. 1 at 3)  On August 22, 2013, the welding operation caused a fire, which "completely destroyed" (1) "the cell tower[, which] was owned by Crown Castle" and (2) "antennae and communication cables [that] were owned by T-Mobile."  (Doc. 93 at 2)

---

[1] In the "petition for declaratory relief" (Doc. 1), Essex Insurance alleges that the cell tower is located at "700 West 13th Street in Sanford County, Florida." However, no county in Florida is named Sanford. Accordingly, this order construes "Sanford County" to mean the City of Sanford, the seat of Seminole County.

Essex Insurance sues (Doc. 1) for a declaration that "[Essex Insurance] has no duty to indemnify [Kart Construction] or [Sabre Industries] in connection with" the fire.  Essex Insurance states that this "declaratory judgment action named Kart Construction and Sabre [Industries] as [defendants] due to their purported insured status under the [insurance] policy" and "named Crown Castle and T-Mobile as [defendants] based on their status as interested parties in the outcome of the declaratory judgment action."[2]  (Doc. 93 at 2)

Essex Insurance claims that, during a September 26, 2014 mediation, Essex Insurance "learned for the first time that Crown Castle and T-Mobile were made whole for the property damages sustained."  (Doc. 93 at 2)  Accordingly, Essex Insurance moves (Doc. 93) under Rule 41(a)(2), Federal Rules of Civil Procedure, "for [this] court to voluntarily dismiss respondents, [Crown Castle] and [T-Mobile]."

"A voluntary dismissal [under Rule 41(a)] may be taken against fewer than all defendants, as long as all claims are dismissed as against each one affected."  *Moore's Federal Practice*, Vol. 8, § 41.21(3)(a) (3d ed. 2014) (citations omitted).  "In most cases, a voluntary dismissal [under Rule 41(a)(2)] should be granted unless the defendant will suffer clear legal prejudice."  *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citations omitted).  Crown Castle and T-Mobile agree "to be voluntarily dismissed and to the terms and conditions regarding each party to bear [its] own costs and attorney's fees."  (Doc. 93 at 4)  The Local Rule 3.01(g)

---

[2] The clerk has entered a default against the fifth defendant, Sprint Communications.

certification reports that Sabre Industries objects to the motion, but Sabre Industries fails to respond to the motion.  (Doc. 93 at 4)

Similarly, the Local Rule 3.01(g) certification reports that Kart Construction objects to the motion.  (Doc. 93 at 4)  In response to the motion, Kart Construction states:

> To the extent that the dismissal does not prejudice Kart's rights to assert its claim against Essex and defend against the declaratory judgment action by Essex, it does not object to the dismissal. To the extent that the dismissal may prejudice Kart's rights in this matter to defend and/or pursue its claim, Kart objects to the dismissal.
>
> . . . .
>
> To the extent that Essex may at a later time argue the dismissal of Crown and T-Mobile alters the insurance contract and/or provides additional defenses, those should be waived and/or Essex should be estopped from asserting such defenses.

(Doc. 95 at 2)  Kart Construction's response is a transparent and unhelpful attempt to equivocate and to finesse the question of consent by purporting to consent only if no "prejudice" accrues but at the same time failing to identify any positive "prejudice" that might accrue.  Because Kart Construction lodges no ascertainable and substantive objection to the motion, Essex Insurance's motion (Doc. 93) is **GRANTED**.  Crown Castle and T-Mobile are **DISMISSED**.

ORDERED in Tampa, Florida, on January 13, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE